IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DONNA GRACE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:17-cv-472 |
| | § | |
| SURGICAL CARE AFFILIATES, INC., | § | |
| | § | |
| Defendant. | § | |

### DEFENDANT'S NOTICE OF REMOVAL UNDER 28 U.S.C. § 1441

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW COMES, Defendant Surgical Care Affiliates, Inc. ("SCA"), the Defendant herein, pursuant to 28 U.S.C. §§ 1441 and 1446, and gives notice that it hereby removes the case styled *Donna Grace v. Surgical Care Affiliates, Inc.,* Cause No. D-1-GN-17-001455, filed in the 345th Judicial District Court of Travis County, Texas (the "State Court Action"). As grounds for removal, the Defendant respectfully states the following:

**I.    THE STATE COURT ACTION.**

1.    The State Court Action arises out of the Plaintiff's employment at SCA.

2.    On April 3, 2017, Plaintiff initiated the State Court Action by filing her Original Petition ("Petition") in the 345th Judicial District Court of Travis County, Texas.

3.    In her Petition, Plaintiff asserts claims for retaliation, damages, exemplary damages, mental anguish damages, loss of income, loss of benefits, costs, back pay, bonuses, reimbursement of lost pension, expert witness fess and attorneys' fees. *See* Exhibit B(2), ¶¶ 23-32 and Prayer.

4.      On April 7, 2017, a Citation directed to SCA was issued by the Travis County District Clerk.  Exhibit B(3).  To date, the Officer's Return of Citation has not been filed with the District Clerk.  *See* Exhibit B(1).

5.      On May 15, 2017, SCA filed its Original Answer and Affirmative Defenses.  *See* Exhibit B(5).

6.      On May 15, 2017, SCA filed a Notice of Filing Notice of Removal.  *See* Exhibit B(6).

7.      No further proceedings have taken place in the State Court Action.

## II.     REQUIREMENTS FOR REMOVAL.

8.      In accordance with 28 U.S.C. § 1446(a), Defendant attaches the following to its Notice of Removal:

> Exhibit A:   Index of all matters filed in the State Court Action that clearly identifies each document and indicates the date the document was filed.
>
> Exhibit B:   Copies of all process and pleadings in the State Court Action, individually tabbed and arranged in order of filing under tabs 1 through 6.

9.      As stated herein, Plaintiff filed the State Court Action on April 3, 2017.  SCA was served on April 19, 2017.  Consequently, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

10.     As set forth in more detail below, this Court would have original jurisdiction of this matter based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).  Except as otherwise expressly provided by Act of Congress, any civil action brought in a state court of which the district courts of the United States have original jurisdiction may be removed to the district court of the United States for the district and division embracing the place where the action is pending.  *See* 28 U.S.C. § 1441.  The Austin Division of the Western District of Texas is the United States

District and Division embracing Travis County, Texas, the county in which the State Court Action is pending.  *See* 28 U.S.C. § 124(d)(1).

11.     As required by 28 U.S.C. § 1446(d), SCA, the removing party, will promptly give all parties written notice of the filing of this Notice of Removal and will promptly file a copy of this Notice of Removal with the Clerk of the 345th District Court of Travis County, Texas, where the State Court Action is currently pending.

### III.    THIS COURT HAS JURISDICTION BASED ON DIVERSITY OF CITIZENSHIP.

12.     The district courts of the United States have original jurisdiction over this action because there is complete diversity of citizenship between the Parties and the matter in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs.  *See* 28 U.S.C. § 1332(a).

**A.     There is complete diversity of citizenship between the Parties.**

13.     Plaintiff is as natural person.  For the purposes of diversity jurisdiction, a person is considered a citizen of the state where the person is domiciled.  *Preston v. Tenet Healthsystem Mem. Med. Ctr.*, 485 F.3d 793, 797 (5th Cir. 2007).  Plaintiff was, at the time the action was filed, and is currently, domiciled in the State of Texas.  *See* Exhibit B(2) ¶ 3.  Consequently, Plaintiff was at the time the State Court Action was filed, and is currently, a citizen of the State of Texas.

14.     SCA is a Delaware corporation with its principal place of business in Deerfield, Illinois.  A corporation is deemed a "citizen" of the location of its "principal place of business." 28 U.S.C. § 1332(c); Therefore, SCA is a citizen of Illinois for diversity purposes.

15.     At the time the State Court Action was commenced, and at the time of Removal, SCA was, and currently remains, diverse in citizenship from the Plaintiff. 28 U.S.C. § 1332(a)(1).  Accordingly, there is complete diversity among the Parties.

**B.     The amount in controversy exceeds $75,000.00 exclusive of interest and costs.**

16.     In the State Court Action, Plaintiff's claims for retaliation, damages, exemplary damages, mental anguish damages, loss of income, loss of benefits, costs, back pay, bonuses, reimbursement of lost pension, expert witness fess and attorneys' fees place the amount in controversy above the $75,000.00 threshold for diversity jurisdiction. *See* Exhibit B(2), ¶¶ 23-32 and Prayer.

17.     When the plaintiff's state court petition does not allege the specific amount of damages, as in the instant case, a court may determine that removal is proper if it is facially apparent from the petition that the claims are likely above $75,000.00. *Allen v. R & H Oil & Gas Company,* 63 F.3d 1326, 1335 (5th Cir. 1995); *see also White v. VCI U.S.A., Inc.*, 319 F.3d 672, 675 (5th Cir. 2003) (to determine the amount in controversy, the court may consider actual damages, exemplary damages and attorneys' fees).  If the amount in controversy is not apparent from the face of the petition, the court may rely on facts asserted in the removal notice that support a finding of the requisite amount. *Id.*  The jurisdictional facts supporting removal must be judged at the time of the removal. *Id.*

18.     Therefore, based on the damages sought by Plaintiff, the amount in controversy clearly exceeds $75,000.00, which is the standard for a party invoking federal jurisdiction.  28 U.S.C. § 1332(a).

**IV.     CONCLUSION**

19.     Because there is complete diversity amongst the Parties and the amount in controversy exceeds $75,000.00, diversity jurisdiction exists and this Court has subject matter jurisdiction over the case.

**PRAYER**

WHEREFORE, pursuant to 28 U.S.C. §§ 1332(a)(1), 1441 and 1446 and in conformance with the requirements set forth in 28 U.S.C. § 1446, Defendant hereby removes the case styled *Donna Grace v. Surgical Care Affiliates, Inc.,* Cause No. D-1-GN-17-001455, filed in the 345th Judicial District Court of Travis County, Texas, so that this Court may assume jurisdiction over the cause as provided by law.

Respectfully submitted,

**HUSCH BLACKWELL, L.L.P.**

/s/ *Kevin Koronka*
Kevin Koronka
State Bar No. 24047422
kevin.koronka@huschblackwell.com
Leslie Brockhoeft
State Bar No. 24093771
leslie.brockhoeft@huschblackwell.com

**HUSCH BLACKWELL LLP**
2011 Ross Avenue, Suite 2000
Dallas, Texas 75201
(214) 999-6100
(214) 999-6170 (Facsimile)

**ATTORNEYS FOR SURGICAL CARE AFFILIATES, INC.**

## CERTIFICATE OF SERVICE

      I hereby certify that a true copy of the foregoing was delivered to all counsel of record as shown below:

| | |
|---|---|
| __X__ | Mailed by certified mail, return receipt requested, postage prepaid, in a postpaid, properly addressed wrapper, in a post office or official depository under the care and custody of the United States Postal Service. |
| _____ | Hand-delivered by courier receipted delivery. |
| _____ | Forwarded by next day receipted delivery service. |
| _____ | Communicated by telephonic document transfer to the recipient's current telecopier number. |
| __X__ | Electronic Service via the Western District of Texas Electronic Case Filing System (ECF). |

TO:

Joseph Y. Ahmad  
AHMAD, ZAVITSANOS, ANAIPAKOS,  
ALAVI & MENSING P.C.  
1221 McKinney Street  
Houston, Texas 77010  
*Facsimile 713-655-0602*

Jakki A. Hansen  
THE HANSEN LAW FIRM, P.C.  
10190 Katy Freeway, Suite 440  
Houston, Texas 77043  
*Facsimile 888-492-9819*

on this 17th day of May, 2017.     */s/ Kevin Koronka*  
                                                            Kevin Koronka